United States District Court
Southern District of Texas
**ENTERED**
December 14, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES MICHAEL BEATTIE, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO: H-16-2071 |
| | § | |
| LORIE DAVIS, | § | |
| Director of the Texas Department | § | |
| of Criminal Justice - Correctional | § | |
| Institutions Division, | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

This petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 has been referred to this magistrate judge for report and recommendation (Dkt. 4). The court recommends respondent's motion for summary judgment be granted and the petition be denied with prejudice.

## Background

On August 23, 2013, petitioner Beattie pled guilty to three crimes in the 351st District Court of Harris County, Texas: possession of body armor by a felon, burglary of a habitation, and aggravated assault on a public servant. The trial court sentenced him to twenty years in prison in each case, to be served concurrently. Beattie did not appeal the convictions. On March 25, 2015, Beattie filed applications for writ of habeas corpus in state court challenging two of the convictions.[1] On April 1, 2015, Beattie filed an application for writ of habeas

---

[1] Beattie's state applications are deemed filed the date he put them in the prison mail system. *Richards v. Thaler*, 710 F.3d 573 (5th Cir. 2013). He could not have placed them in the mail any earlier than he signed them, so that is the filing date the court uses for limitations purposes.

corpus challenging the third conviction.  The Texas Court of Criminal Appeals denied relief

on the trial court's findings on May 11, 2016. This federal petition followed on July 1, 2016.[2]

## Analysis

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996

(AEDPA). Under the AEDPA, a petition for habeas relief filed by a person in state custody

is subject to a one-year period of limitations which runs from the latest of:

> (A)   the date on which the judgment became final by the conclusion
> of direct review or the expiration of the time for seeking such
> review;
>
> (B)   the date on which the impediment to filing an application
> created by State action in violation of the Constitution or laws
> of the United States is removed, if the applicant was prevented
> from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially
> recognized by the Supreme Court, if the right has been newly
> recognized by the Supreme Court and made retroactively
> applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims
> presented could have been discovered through the exercise of
> due diligence.

28 U.S.C. § 2244(d)(1). Beattie's convictions became final when his time for filing an appeal

expired in September 2013. His one-year statute of limitations under AEDPA expired in

September 2014, absent statutory or equitable tolling. Beattie's state habeas applications did

not toll his limitations period because they were filed after September 2014. *Scott v. Johnson*,

---

[2]   The petition was signed on July 1, 2016, and filed by the clerk on July 13, 2016. The court
uses the earliest possible date the petition could have been placed in the prison mail, July 1,
2016, as the filing date for statute of  limitations purposes.

227 F.3d 260, 263 (5th Cir. 2000).

Beattie has not presented grounds for equitable tolling of the federal statute of limitations. His allegation of actual innocence is insufficient to overcome the time bar. Beattie has not presented any new evidence that supports a claim of actual innocence. The evidence he cites[3] was known to Beattie or his counsel at the time of the pleas and, at best, indicates disputes about strategy between lawyers hired to handle his case.

The court further finds that Beattie has not made a substantial showing that he was denied a constitutional right or that it is debatable whether this court is correct in a procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, the court recommends that a certificate of appealability not issue.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections.  Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error.  *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72.

Signed at Houston, Texas on December 13, 2016.

Stephen Wm Smith
United States Magistrate Judge

---

[3]    Dkt. 1-1. The evidence includes affidavits from Beattie's sister and brother in law stating that the body armor found at Beattie's residence actually belonged to Beattie's son; a 2008 police incident report; a 2015 letter to Beattie from Brian Zubel forwarding a 2013 letter Zubel sent to Beattie's sister discussing his efforts to challenge DNA evidence in Beattie's case; a letter to Beattie from an investigator working with Zubel indicating that trial counsel was uncooperative in helping him investigate ballistics and DNA evidence; and an October 2011 case assessment sent to Beattie's brother in law from a lawyer in Michigan criticizing the work of Beattie's then counsel.